# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamin Mazyck, | ) | C/A No.: 1:14-280-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Adam L. Whitsett, Assistant Attorney General, et al.; Chief Mernard Clarkson, SCSU; David Pascoe, Solicitor Office; Sgt. Gerald Carter; Sgt. Eric Baldwin; Det. C. Powell; Sheriff Leroy Ravenell, Orangeburg Sheriff Dept.; and TRMC, Health Information Management Dept., | ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |
| | ) | |

Jamin Mazyck, proceeding pro se and in forma pauperis, brings this action seeking the issuance of a writ of mandamus against Adam L. Whitsett, Chief Mernard Clarkson, David Pascoe, Gerald Carter, Eric Baldwin, C. Powell, Leroy Ravenell, and the Regional Medical Center ("TRMC") Health Information Management Department of Orangeburg, South Carolina (collectively, "Respondents"). [Entry #9 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner contends that he is a victim of an assault and battery with intent to kill. [Entry #9 at 2–3]. As a crime victim, Petitioner alleges a constitutional right to access documents related to that crime pursuant to the South Carolina Victims' Bill of Rights. *Id.* at 4. Petitioner claims that he has attempted to obtain materials associated with the crime since 2009, and Respondents have refused to provide the requested information. *Id.* at 2–4. Petitioner indicates that he sought a writ of mandamus in the South Carolina Supreme Court to compel Respondents to comply with state law. *Id.* at 1. However, Plaintiff alleges the South Carolina Supreme Court acted contrary to the State Constitution and Petitioner's due process rights by dismissing his state action. *Id.* Thus, Petitioner seeks an order from this court compelling Respondents to surrender the requested documents. *Id.* at 5.[1]

II.     Discussion

   A.      Standard of Review

Petitioner filed his petition pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

---

[1] Petitioner filed an amended petition in this case on March 6, 2014. [Entry #9]. To preserve issues in the case and give liberal construction to the pleadings, Petitioner's original petition and supporting documents have been attached to the amended pleading for review. [Entry #9-1].

28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the pleading lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se petitions are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees.  *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999).  Further, 28 U.S.C.

3

§ 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 nn. 2–4 (4th Cir. 1969).

In the instant case, Petitioner asks the court to compel action by employees of the: (1) South Carolina Attorney General's Office (Adam L.Whitsett); (2) South Carolina State University Campus Police (Mernard Clarkson); (3) First Circuit Solicitor's Office (David Pascoe); (4) Orangeburg County Sheriff's Office (Sgt. Gerald Carter; Sgt. Eric Baldwin; Det. C. Powell; Leroy Ravenell); and (5) TRMC, a private hospital. [Entry #7-1; Entry #9 at 3–4]. However, this court lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief against state actors or entities. *See In re Ridgway*, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. April 18, 1995) ("This Court will not direct the action of state actors through mandamus."). Therefore, this case is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 24, 2014                                      Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).